IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| **UNITED STATES OF AMERICA** | ) | Criminal No. 1:20-CR-274 (LEK) |
|---|---|---|
| v. | ) | |
| **JHAJUAN SABB,** | ) | |
| **Defendant.** | ) | |

### United States' Sentencing Memorandum

The United States of America, through the United States Attorney for the Northern District of New York, respectfully requests that the Court sentence the defendant to time served (approximately 8.5 months in jail), to be followed by the maximum 3 years of supervised release.

On November 5, 2020, pursuant to a plea agreement, the defendant pled guilty to a one-count information charging the commission of interstate threats to injure the person of another in violation of 18 U.S.C. § 875(c).

The defendant is scheduled to be sentenced on February 17, 2021. He has been in custody since his arrest on June 7, 2020.

**1. Factual Background**

The Government adopts the facts as set forth in the Presentence Investigation Report ("PSIR," dkt. no. 23) prepared by the United States Probation Office. *See* PSIR ¶¶ 2, 6-10. The defendant admitted to making Facebook Live recordings on June 5, 2020 in which he threatened to throw bricks at the Troy Police building and vehicles. The defendant also threatened to use a vehicle to run over police officers.

**2. Statutory Maximum Punishment**

Maximum term of imprisonment: 5 years, pursuant to 18 U.S.C. § 875(c).

Maximum fine: $250,000, pursuant to 18 U.S.C. § 3571.

Supervised release term: the sentencing court may require the defendant to serve a term of supervised release of up to 3 years, to begin after imprisonment. *See* 18 U.S.C. § 3583.

**3. Guidelines Calculation and Range**

    **3.1 Criminal History Category**

The Government adopts the PSIR's conclusion that the defendant's criminal history category is III. PSIR ¶¶ 24-38.

    **3.2 Offense Level**

The Government adopts the Sentencing Guidelines offense level calculation set forth in the PSIR, resulting in a total, adjusted offense level of 6. *See* PSIR ¶¶ 14-23.

    **3.3 Guidelines Range**

The Sentencing Guidelines advise a term of imprisonment of 2 to 8 months. PSIR ¶ 59.

**4. Sentencing Recommendation**

The Government respectfully asks that the Court sentence the defendant to time served, to be followed by the maximum 3 years of supervised release including the special conditions recommended by the U.S. Probation Office

A term of imprisonment exceeding the high end of the Guidelines range, to be followed by 3 years of supervision with the special conditions proposed by Probation, would be sufficient and not greater than necessary to achieve the goals set out in 18 U.S.C. § 3553(a), including the need for the sentence to reflect the nature, circumstances and seriousness of the offense, and the history and characteristics of the defendant; the need to punish the defendant; the need to promote respect for the rule of law and protect the community; and the need for the defendant to participate in mental health and substance abuse treatment.

The defendant is only 21 years old but has already incurred misdemeanor and felony convictions. PSIR ¶¶ 31-34. He used marijuana daily. Id. ¶49. The defendant appears to have claimed that he stopped abusing marijuana on September 2, 2019. See *id*. This date seems inaccurate, given that in the June 2020 Facebook videos that gave rise to his conviction for making threats, the defendant is clearly smoking marijuana and "high":



The defendant's mental health issues have gone untreated. PSIR ¶¶ 45-48. And, not surprisingly, his work history is limited. Id. ¶54.

The maximum period of supervised release is needed, to stabilize the defendant, deter him from using controlled substances, and help him treat his mental health issues. With any luck, the defendant will be able to stay sober and drug-free, address and treat his mental health issues, and become a productive, law-abiding member of society who does not post Facebook videos in which he threatens to injure and kill police officers.

The United States reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable Guidelines range on a ground not previously identified by the parties or in the PSIR, the parties are entitled to notice and an opportunity to respond. *See* Fed R. Crim. P. 32(h), (i)(1)(c).

Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

Respectfully submitted this 10th day of February, 2021.

ANTOINETTE T. BACON
Acting United States Attorney

By: */s/ Michael Barnett*
Michael Barnett
Assistant United States Attorney
Bar Roll No. 519140
